# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-3028**                                    **September Term, 2021**

**1:21-cr-00282-TSC-3**

**Filed On:** June 24, 2022

United States of America,

       Appellee

    v.

Elias Irizarry,

       Appellant


### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Henderson, Wilkins*, and Katsas, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36.  It is

**ORDERED AND ADJUDGED** that the district court's May 3, 2022 oral order denying appellant's motion for travel be reversed.

Elias Irizarry was charged with four trespass-related misdemeanors arising from his unlawful entry into the United States Capitol on January 6, 2021.  Irizarry was photographed inside the Capitol holding a metal pipe, but the government does not allege that he committed any violent conduct, damaged any property, or belonged to any group that organized or orchestrated the Capitol breach.  Irizarry has no prior criminal record, and he has followed all conditions of his pretrial release, including weekly check-ins by telephone with the Pretrial Services Agency.  In December 2021, Irizarry received permission to travel to Germany for five days with his family over Christmas, and he did so without incident.

* A statement by Circuit Judge Wilkins, dissenting from this judgment, is attached.

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 22-3028**                                **September Term, 2021**

Irizarry is an honors student at The Citadel, a military college in South Carolina. He won a merit-based scholarship to study abroad for three weeks in July at the Tallinn University of Technology in Estonia.  The scholarship will enable Irizarry to graduate early, saving tuition costs for himself or his family.  As required by the terms of his release, Irizarry sought permission for this foreign travel.  The government filed a one-sentence response, stating that it did not oppose Irizarry's motion.  ECF No. 70.  At a hearing on the motion, the district court raised the question whether foreign travel would create a flight risk, and Irizarry offered to accept "any restriction"—such as GPS monitoring and forgoing off-campus activities—to allay that concern.  Mot. Hearing at 13.  For its part, the government did not seek any additional conditions if the travel were permitted.

Despite all this, the district court denied Irizarry's travel outright.  The court reasoned that Irizarry's conduct was "tantamount to an attempt to overthrow this government."  Id. at 8.  And the court expressed concern that Irizarry could thwart pretrial supervision if he "wanders into Russia or something."  Id. at 10.

We reverse the district court's decision and remand with instructions to permit the requested travel subject to the conditions set forth in the release order issued on March 22, 2021.  Under the Bail Reform Act, a defendant must be released pretrial "subject to the least restrictive . . . condition, or combination of conditions, that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(c)(1)(B).  Here, the district court did not find that Irizarry was even a flight risk or dangerous, much less that completely denying his motion for travel was the least restrictive means of reasonably assuring his appearance and the safety of the community.  The court instead based its ruling on global judgments about all defendants charged with offenses related to January 6, rather than on an individualized assessment of safety concerns or flight risks presented by Irizarry himself.  That was error.  See United States v. Munchel, 991 F.3d 1273, 1283–84 (D.C. Cir. 2021).

Moreover, any findings that Irizarry is dangerous or presents a flight risk would be clearly erroneous on the record in this case.  The government has never argued that Irizarry presents a danger to anyone.  And it introduced no evidence below to support the facially implausible contention that Irizarry—a promising American honors student—would wander some 120 miles from Tallinn into Russia, to flee his family and home country over misdemeanor charges for trespassing.  Nor did it even advance that argument below.

The dissent urges a remand for the district court to consider whether to impose further conditions on Irizarry's travel.  That position might have force had the

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-3028**                                    **September Term, 2021**

government offered some evidence that Irizarry's travel presented a flight risk and sought additional conditions to mitigate that risk.  But as noted above, the government neither opposed the travel nor sought any further conditions on it.  Of course, the government may now seek affirmance on "any basis supported by the record."  See United States v. Wyche, 741 F.3d 1284, 1292 (D.C. Cir. 2014).  But we cannot fairly remand for the government to present new evidence and arguments that it could have pressed below, but did not.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———————

**No. 22-3028**                                          **September Term, 2021**

Wilkins, Circuit Judge, dissenting: I dissent from the Court's order reversing the District Court and ordering that the defendant, Mr. Irizarry, be allowed to travel outside the United States on conditions set forth by the Magistrate Judge when he was first arrested.

Even assuming the District Court clearly erred by denying the defendant's motion to travel to Estonia without explicitly finding that this travel restriction is the least restrictive means of reasonably assuring his future appearance in court, see 18 U.S.C. § 3142(c)(1)(B), or by not making a sufficiently individualized assessment of his flight risk, see United States v. Munchel, 991 F.3d 1273, 1283–84 (D.C. Cir. 2021), then the appropriate remedy in this case is a remand for reconsideration using the proper factors and for the making of proper findings, as we did in Munchel.  By reversing the District Court and granting the defendant's motion, the panel majority is effectively determining the appropriate conditions of release for international travel, something that it is ill-equipped to do.

International travel restrictions are imposed due to the simple fact that once the defendant leaves the United States, the District Court, the Pretrial Services Agency, and U.S. law enforcement lose jurisdiction over him.  If a defendant in the United States removes his GPS bracelet or travels beyond his permitted boundaries, the Pretrial Services Agency can send its officers, U.S. marshals, or local law-enforcement to search for and detain him.  Those options are not available if the defendant takes those actions while traveling in a foreign country.  See United States v. Townsend, 897 F.2d 989, 994–95 (9th Cir. 1990) (electronic monitoring cannot "offer assurance against flight occurring before measures can be taken to prevent a detected departure from [an overseas country]").  Once Mr. Irizarry leaves the United States, he can plausibly remove his GPS bracelet so that he cannot be tracked within Estonia, or he can travel to another country.  See United States v. Pina-Nieves, 535 F. Supp. 3d 86, 90 (D.P.R. 2021) ("Moreover, travel to the Dominican Republic requires the USPO to return Pina's passport, permitting him to move freely among foreign jurisdictions, not just the Dominican Republic.").  There is also the risk that the defendant, who is charged with four offenses that each carry the possibility of imprisonment for up to one year, simply does not return promptly from Estonia and cannot be extradited.  See Extradition Treaty, Estonia-U.S., Art. 2, ¶ 1, Feb. 8, 2006, S. TREATY DOC. NO. 109-16 (2006) (extraditable offenses are those carrying a potential sentence of more than one year imprisonment).

Perhaps Mr. Irizarry has demonstrated that he can be trusted to return to the United States.  But given the aforementioned possibilities, can we really say, as the majority does, that remand is unnecessary because it would be "clear error," as a

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 22-3028**                                    **September Term, 2021**


matter of law, for any judge to find that additional conditions of release are necessary and appropriate?

Mitigation of the aforementioned risks is not meaningfully addressed by the majority.  Instead, the majority orders that Mr. Irizarry be given his passport and allowed to leave the United States, with the only relevant condition of release that he is required to call the Pretrial Services Offices once a week.  See Dkt. 14 at 2.  Perhaps one or more other conditions are necessary and appropriate to mitigate such risks, such as requiring an extradition waiver, reporting weekly in person to the U.S. Embassy in Estonia, appointing someone attending the trip to serve as a third-party custodian, or requiring Mr. Irizarry's mother to post property as a security.  See 18 U.S.C. §§ 3142(c)(1)(B)(i), (vi), (xi), (xiv); see also United States v. Szott, 768 F.2d 159, 160 (7th Cir. 1985) (per curiam) (observing that the court should set bail at an amount where "losing the sum would be a deeply-felt hurt to the defendant and his family; the hurt must be so severe that defendant will return for trial rather than flee").  Regrettably, the majority short-circuits consideration of any conditions beyond a phone call.  If the motion to travel is to be granted, setting conditions of release is best done by the District Court, in consultation with the Pretrial Services Agency and the prosecution, not by a court of review.

Respectfully, I dissent.